UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **HALEHAY PLANTING CO., ET AL.** | **CIVIL ACTION NO.  19-0187** |
| vs. | **JUDGE TERRY A. DOUGHTY** |
| **DAVID T. DODSON JR., ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

On February 14, 2019, Defendant David T. Dodson Jr. removed this matter to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. (Notice of Removal, [doc. # 1]). On March 1, 2019, in response to court order, Defendant filed an amended notice of removal in an attempt to redress deficient jurisdictional allegations regarding the citizenship of the parties. [doc. # 5]. In doing so, Defendant identified the officers and agents listed on filings with the Louisiana Secretary of State and Georgia Secretary of State as members of Halehay Planting Company, LLC, J & L Farm Partnership #1, Southeastern Commodities, LLC, and Southeastern Organics, LLC. (*Id..*; *see* Exs. A–E, [doc. # 6]).

On review, the court found Defendant did not properly allege the citizenship of the LLCs and partnership because filings on Secretary of State sites ordinarily include only agents and officers identified at the initial filing but do not reflect subsequent changes in membership. [doc. # 11]. On March 5, 2019, the court granted Defendant leave to file a second amended notice of removal within seven days to establish diversity jurisdiction. (*Id.*) The deadline has since lapsed, with no response from Defendant.

**Law and Analysis**

"A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Id.* Because federal courts are of limited jurisdiction, a suit is presumed to lie outside its jurisdiction, unless the party invoking federal jurisdiction establishes otherwise. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

Here, Defendant asserts federal jurisdiction on the basis of diversity jurisdiction, which requires complete diversity of citizenship between the adverse parties and an amount in controversy greater than $75,000. 28 U.S.C. § 1332. Defendant has not satisfied the complete diversity of citizenship requirement.

For purposes of diversity, a citizenship of a limited liability company or partnership is determined by the citizenship of each of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079–80 (5th Cir. 2008). As noted above, in alleging the citizenship of the LLCs and partnership, Defendant relied on Secretary of State filings, which identify only the officers and registered agents of each entity. However, Secretary of State filings may not contain a complete list of an entity's members. *See Team Mktg. Grp., Inc. v. Hyde*, No. 17-CV-1389, 2018 WL 3203618, at *1 (W.D. La. Apr. 5, 2018).

The court recognizes the onerous burden on the party invoking diversity jurisdiction to establish the citizenship of an LLC or partnership. Because "[s]tate laws generally do not require disclosure of members of limited liability companies or . . . partnerships, . . . public records . . . rarely contain the type of ownership information that is required to allege diversity jurisdiction." *Lewis v. Allied Bronze LLC*, No. 07 CIV. 1621 (BMC), 2007 WL 1299251, at *2 (E.D.N.Y. May

2, 2007). Nonetheless, citizenship must be "*distinctly* and *affirmatively* alleged"; this rule is straightforward and "demands strict adherence." *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988).

As the record now stands, the undersigned finds that Defendant has not established federal diversity jurisdiction, and remand of this matter is appropriate. Accordingly, the instant recommendation of remand is subject to Defendant's opportunity to seek leave of court to amend the notice of removal with a proposed notice that cures the deficient jurisdictional allegations, within the deadline to file objections to this report and recommendation. If Defendant contends that there are no additional members of any LLC or partnership, he should affirmatively attest to this contention in the proposed notice.

## Conclusion

In the interim, and in the absence of a curative amendment,

**IT IS RECOMMENDED** that the above captioned case be remanded to the 6th Judicial District Court, Madison Parish, Louisiana, from where it was removed. 28 U.S.C. § 1447(c).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Report and Recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the District Judge at the time of filing. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before the Judge makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 19th day of March 2019.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE